```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


VAUGHN MARIO COOPER,           §
                               §
          Petitioner,          §
                               §
v.                             §    CIVIL ACTION NO. H-06-1145
                               §
DOUG DRETKE,                   §
                               §
          Respondent.          §
```

**MEMORANDUM OPINION AND ORDER**

Pending before this court is petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, submitted by David A. Schulman, counsel for Vaughn Mario Cooper, an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID). After reviewing the pleadings and available state court records, the court will dismiss Cooper's habeas petition because it is untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996. 28 U.S.C. § 2244(d).

**I. Procedural History and Claims**

A jury found Cooper guilty of possession of cocaine, with two enhancement findings, and sentenced him to ninety-nine years in the TDCJ-CID. State v. Cooper, No. 33,589A (240th Dist. Ct., Fort Bend County, Tex., June 7, 2001). Cooper filed an appeal after the conviction; the Court of Appeals for the First Judicial District of Texas affirmed the trial court's judgment. Cooper v.

State, No. 01-01-00672-CR, 2003 WL 360324 (Tex. App. -- Hous. [1st Dist.] Feb. 20, 2003).  Cooper then filed a petition for discretionary review (PDR), which the Texas Court of Criminal Appeals refused on September 10, 2003.  Cooper v. State, No. 0588-03.  See Petition (Docket Entry No. 1-1), at 2-3.  See also Texas Judiciary Online Website, http://www.courts.state.tx.us/.

On July 13, 2004, Cooper filed a state application for a writ of habeas corpus challenging the conviction.  See Petition (Docket Entry No. 1-1) at 3; see also (Docket Entry No. 1-3) Appendix C at 1.  The application was forwarded to the Court of Criminal Appeals, which remanded it back to the district court where Cooper was convicted.  After considering the records, including an affidavit from Cooper's trial counsel, the district court entered findings of fact and conclusions of law recommending that relief be denied.  See Petition (Docket Entry No. 1-3), Appendix D.  On October 5, 2005, the Court of Criminal Appeals adopted the trial court's findings of fact and conclusions of law and denied relief in an unpublished order.  Ex parte Cooper, No. WR-24,555-02.  Petition, (Docket Entry No. 1-3, 1-4), Appendix E.  See also Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us/.

The pending federal petition was filed by Cooper's attorney on April 6, 2006.

Cooper raises the following claims:

1.   Cooper's trial counsel was ineffective by opening the door to unfairly prejudicial evidence.

-2-

2. Trial counsel was ineffective by failing to make specific legal objections to inadmissible evidence offered by the State and to the State's improper jury argument.

3. Trial counsel was ineffective by failing to call the officer who obtained the search warrant and made the probable cause affidavit.

4. Trial counsel was ineffective by not presenting testimony and related arguments to the trial court on a motion to reveal a confidential informant and by failing to make a timely request for a ruling on that motion.

5. Trial counsel was ineffective by failing to object to a prospective juror's remarks concerning Cooper's race and the presumption of innocence.

Petition, (Docket Entry No. 1-1) at i-ii.

## II.  One-Year Statute of Limitations

Cooper's federal habeas petition is subject to the AEDPA provisions, which restrict the time in which a state conviction may be challenged because the petition was filed after April 24, 1996, the date the AEDPA was enacted. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The court is authorized to make a determination regarding timeliness of the petition before ordering the State to use its limited resources to answer it.  See Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999).

Cooper challenges the validity of a state court judgment. Therefore, his challenge is subject to the time limit set out under § 2244(d)(1)(A).  The Court of Criminal Appeals refused Cooper's PDR on September 10, 2003.  Cooper had ninety days to file a petition for writ of certiorari with the United States Supreme Court.  SUP. CT. R. 13.1 (2003).  Cooper's conviction became final

-4-

on December 9, 2003, the last day he could have filed a petition for certiorari.  Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004).  See also Clay v. United States, 123 S.Ct. 1072, 1075 (2003) (Federal criminal conviction becomes final for purpose of calculating one-year period in which defendant may move to vacate when time expires for filing petition for certiorari contesting appellate court's affirmation of conviction.).

Therefore, Cooper needed to file his federal habeas petition by December 9, 2004, or toll the running of the limitation period by filing a state application for a writ of habeas corpus before that date.  28 U.S.C. §§ 2254(d)(1)(A), 2254(d)(2).  Cooper filed a state habeas application on July 13, 2004, which was 216 days after his conviction became final.  The limitation period was tolled while the state application was pending from July 13, 2004, until it was denied on October 5, 2005.  There were 149 days remaining in the one-year period when it resumed after the state habeas application was dismissed on October 5, 2005.

Cooper's current federal habeas petition was filed on April 6, 2006, 183 days after the state habeas application was dismissed and 34 [(216 + 183) - 365] days after the expiration of the limitation period.  Cooper has not shown that he was subject to any state action that impeded him from timely filing his federal habeas petition.  28 U.S.C. § 2244(d)(1)(B).  There is no showing of a newly recognized constitutional right upon which Cooper's petition

is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final.  28 U.S.C. § 2244(d)(1)(C), (D).

Cooper's attorney asserts that the habeas petition is timely because it has been filed before April 15, 2006.  See Petition (Docket Entry No. 1-1) at 3.  However, it is apparent from the facts contained in the pleadings, supported by state court records, that Cooper's habeas petition needed to be filed no later than March 3, 2006.  The habeas limitations period is subject to equitable tolling "'when strict application of the statute of limitations would be inequitable.'"  Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), quoting Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 1995).  An attorney's error in calculating the amount of time available to file a federal habeas petition does not warrant equitable tolling.  United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002).  Equitable tolling does not apply to this proceeding because Cooper has not presented any rare and exceptional circumstances that would justify tolling.  Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999).  Therefore, this federal habeas corpus action is subject to dismissal because it was filed more than one year after the conviction became final.  28 U.S.C. § 2244(d)(1)(A).

## III.  Certificate of Appealability

A Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  Beasley, at 263, quoting Slack, 120 S.Ct. at 1604; see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a Certificate of Appealability, sua sponte, without requiring further briefing or argument.  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  The court has determined that Cooper has not made a substantial showing that

reasonable jurists would find the court's procedural ruling to be debatable. Therefore, a Certificate of Appealability from this decision will not be issued.

### IV.  Conclusion and Order

Accordingly, the court **ORDERS** the following:

1. The Request for Admission *Pro Hac Vice* (Docket Entry No. 3) is **GRANTED**.

2. The Application for Writ of Habeas Corpus (Docket Entry No. 1) is **DISMISSED with prejudice** because it is time-barred. 28 U.S.C. § 2244(d).

3. A Certificate of Appealability is **DENIED**.

4. The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 13th day of April, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE